## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TOBACCO 4 LESS, LLC, | ) | |
| RICHARD D. SALLADE, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 14-289 |
| | ) | |
| RICHARD W. YISHA, | ) | Judge Cathy Bissoon |
| MARIA YISHA, | ) | |
| RICHARD JAMES YISHA, | ) | |
| KIMBERLY L. YISHA, | ) | |
| KRISTIN SMEZNICK, | ) | |
| KAYLA SMEZNICK , | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM ORDER

For the reasons that follow, Defendants' Motion to Dismiss (**Doc. 4**) will be denied, and this case will be transferred.

## I.  MEMORANDUM

### BACKGROUND

Richard Sallade and Tobacco 4 Less, LLC ("Plaintiffs") bring this civil action against Richard W. Yisha, Maria Yisha, Richard James Yisha, Kimberly L. Yisha, Kristin Smeznick, and Kayla Smeznick ("Defendants") in the Western District of Pennsylvania.  Compl. (Doc. 1). The case arises out of a contract for the sale and delivery of "roll your own" cigarette machines. Defendants move to dismiss this action for, *inter alia*, improper venue under Federal Rule of Civil Procedure 12(b)(3). Plaintiffs agree with Defendants that venue is improper and request a transfer of the instant matter.

## ANALYSIS

For civil actions brought in Federal Court, 28 U.S.C. § 1391(b) establishes that venue is proper in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Defendants argue that venue in the Western District of Pennsylvania is improper under this standard, a point with which Plaintiffs agree.  Def.'s Br. (Doc. 5) at 11; Pl.'s Resp. (Doc. 7) at 1.  All parties allege that venue is proper in this matter in the Northern District of Ohio, as multiple Defendants reside in that region and a substantial part of the events or omissions giving rise to the claim occurred in Northern Ohio.  Id.

While the Federal Rules of Civil Procedure authorize the Court to dismiss this case for improper venue, as requested by Defendants, the Court is additionally authorized to transfer the case to an appropriate forum.  F. R. Civ. P. 12(b)(3); 28 U.S.C. § 1406 ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.").  "[C]ourts and academics alike have observed that transfer is generally the preferable course of action."  Corporate Air, LLC v. Davis, 2014 WL 516582 (W.D. Pa. Feb. 7, 2014).  As opposed to dismissal, transfer of this case to the Northern District of Ohio – the conceded proper venue by all parties – will conserve resources and serve the interests of justice.

## II.  <u>ORDER</u>

For the reasons stated above, Defendants' Motion to Dismiss (**Doc. 4**) is **DENIED** without prejudice to its refiling in the proper venue.

IT IS HEREBY ORDERED that the Clerk of the Court is directed to **TRANSFER, FORTHWITH**, this case to the United States District Court for the Northern District of Ohio.

IT IS SO ORDERED.


November 25, 2014                                        s\Cathy Bissoon
                                                        Cathy Bissoon
                                                        United States District Judge


cc (via ECF email notification):

All Counsel of Record